**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

KATHRYN HENLEY, CLERK OF
CIRCUIT COURT FOR THE COUNTY
OF OKALOOSA,

       Plaintiff,

v.                                  Case No. 3:04CV327/RV/MD

DESTIN GUARDIAN CORPORATION, ET AL.,

       Defendants.

_____/

**<u>ORDER</u>**

    On August 31, 2004, a complaint was filed in the Circuit Court for Okaloosa County, Florida, seeking to determine the priority of the parties to an interpled fund. The case was timely removed to this court. Defendant WYBR, Inc. has filed a motion for summary judgment in the case (Doc. 21), seeking fifty percent of the interpled fund. Defendant United States has subsequently filed its own motion for summary judgment (Doc. 43), seeking the other fifty percent of the interpled fund. Both motions are unopposed.

**I.    FACTUAL BACKGROUND**

    This action relates to a tax deed sale conducted by the Okaloosa Count Clerk of Court pursuant to Section 197.502 of the Florida Statutes. Proceeds from the sale were used to redeem the tax certificate and pay all other unpaid taxes on the property,

after which a surplus of approximately $484, 395.88 remained. Pursuant to Sections 197.582(2) and 197.522 of the Florida Statutes, the Clerk deposited the money with the court pending resolution of legal entitlement to the funds, and identified and gave notice to each member of the class of persons for whose benefit the balance was retained.

Those identified as potential legal titleholders or lienholders where Wallace C. Yost, George D. Harris, John W. Boyce, Walter H. Givhan, Destin Guardian Corporation, WYBR, Inc., Quigley Electric Company, AmSouth Bank, and the Internal Revenue Service of the United States. Property records show that at the time of the sale Wallace C. Yost held a fifty percent interest in the property, while George D. Harris and John Boyce each held a twenty-five percent interest. WYBR, Inc., Quigley Electric Company, and AmSouth Bank each held judgment liens against Wallace C. Yost. Of these, WYBR, Inc.'s lien was the first recorded. The United States also held a tax lien against George D. Harris for unpaid federal income taxes for the tax years 1990, 1991, 1992, 1993, 1994, and 1999. The United States promptly removed the case to this court, and asserted an interest in the interpled fund based on federal tax liens against the property and rights to property of George D. Harris. On December 22, 2004, a default judgment was entered against Wallace C. Yost. A default judgment was also entered against George D. Harris on January 26, 2005. Defendants Walter H. Givhan and Destin Guardian Corporation have disclaimed any interest in the interpled fund.

On May 25, 2005, a stipulation (Doc. 42) was filed with the court in which Defendants John W. Boyce, George D. Harris, and the United States agreed that the United States was entitled to fifty percent of the interpled fund in virtue of its liens upon the property and right to the property of defendant George D. Harris. (Doc. 42) The stipulation further stated that John W. Boyce had no interest in the property, and that any interest he may have had, by virtue of a sublease assignment or otherwise,

belonged to George D. Harris. Defendants WYBR, Inc. and the United States have now filed unopposed summary judgment motions each seeking fifty percent of the interpled fund.

## II.   DISCUSSION

    A.   <u>Summary Judgment Standard</u>

A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed. R. Civ. P. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265, 273 (1986); <u>see also</u> <u>Morisky v. Broward County</u>, 80 F.3d 445, 447 (11th Cir. 1996).

However, summary judgment is improper "if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact." <u>Jeffery v. Sarasota White Sox, Inc.</u>, 64 F.3d 590, 594 (11th Cir. 1995). An issue of fact is "material" if it might affect the outcome of the case under the governing law. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202, 211 (1986). It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. <u>See</u> <u>id.</u>; <u>see also</u> <u>Matsushita Electric Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

Conclusory allegations based on subjective beliefs are insufficient to create a genuine issue of material fact. <u>See</u> <u>Leigh v. Warner Bros., Inc.</u>, 212 F.3d 1210, 1217 (11th Cir. 2000); <u>Ramsey v. Leath</u>, 706 F.2d 1166, 1170 (11th Cir. 1983). <u>See</u>

Matsushita Elec. Indus. Co., supra, 475 U.S. at 586, 106 S. Ct. at 1356.  On a summary judgment motion, the record and all reasonable inferences that can be drawn from it must be viewed in the light most favorable to the non-moving party.  Whatley v. CNA Ins. Cos., 189 F.3d 1310, 1313 (11th Cir. 1999).

      B.    WYBR, Inc.

It is undisputed that Wallace C. Yost holds a fifty percent interest in the property. WYBR, Inc., AmSouth Bank, and Quigley Electric Company all had liens against Yost's interest in the property. However, WYBR, Inc.'s lien was recorded first, and under Florida law, WYBR, Inc.'s lien has priority. See DeMario v. Franklin Mortgage and Investment Company, 648 So.2d 210 (Fla. 4th DCA 1994). Neither AmSouth Bank nor Quigley Electric Company has disputed this priority determination. As the United States has not asserted any claim against Wallace C. Yost's interest in the interpled fund, a disbursal of fifty percent of the fund ($244,646.66, plus accrued interest) to WYBR, Inc. is appropriate.

      C.    Internal Revenue Service

The United States has claimed a fifty percent interest in the interpled fund based on its liens against Defendant George D. Harris. Section 6321 of the Internal Revenue Code establishes a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to a taxpayer who neglects or refuses to pay taxes owed to the United States after a demand. Griswold v. United States, 59 F.3d 1571 (11th Cir. 1995). This lien arises automatically at the time taxes are assessment and attaches to all property or property rights the taxpayer then holds or subsequently acquires. Glass City Bank of Jeanette v. United States, 326 U.S. 265, 66 S. Ct. 108, 90 L. Ed. 56 (1945). Tax assessments are presumptively valid, and may not be challenged. 28 U.S.C. § 2410; United States v. Chila, 871 F.2d 1015 (11th Cir. 1989). Since the parties have stipulated that any interest John W. Boyce may have in the property belongs to George D. Harris, and no other party has claimed

a share of the fund belonging to George D. Harris, a disbursal of fifty percent of the fund ($244,646.66, plus accrued interest) to the United States is appropriate.

## III.    CONCLUSION

For the above reasons, WYBR, Inc.'s motion for summary judgment (Doc. 21) is GRANTED, and the United States' motion for summary judgment (Doc. 43) is also GRANTED.  The Clerk is directed and ordered to enter final judgment accordingly, and disburse and release the interpled funds to WYBR, Inc. and the United States in the amount of fifty percent of the interpled fund each.

DONE AND ORDERED this 29th day of June, 2005.


/s/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**